United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM, | No. C 09-04132 SI |
| Plaintiff, | **ORDER RE: DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION TO REQUIRE PLAINTIFF TO POST SECURITY; AND RESCHEDULING CASE MANAGEMENT CONFERENCE** |
| v. | |
| FOREMOST INSURANCE COMPANY, | |
| Defendant. | |

Defendant's motion to dismiss and strike portions of the complaint and defendant's motion to require plaintiff to post security are currently scheduled for hearing on April 30, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. In addition, the Case Management Conference scheduled for April 30, 2010 is continued to June 25, 2010 at 2:30 p.m.

Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

Pro se plaintiff Patricia McColm brings this suit against defendant Foremost Insurance Company ("Foremost") as assignee of her deceased father, George McColm, who held a homeowners' insurance policy with Foremost. Plaintiff alleges that in September 2002, a burglary was committed at the decedent's home. Plaintiff alleges that the premises were damaged and that a substantial amount of the decedent's personal property was stolen. Complaint ¶¶ 7-9. According to the complaint, Foremost inspected the property in October 2003, but has "failed and refused and continues to refuse to pay plaintiff" for the covered losses. *Id.* ¶¶ 12-13. Plaintiff alleges that Foremost sent her a small check to cover repair of a damaged door, and improperly stated that this check constituted a full and complete

costs."); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (citation omitted).

The Court expresses no opinion at this time regarding whether Foremost has shown that plaintiff is an abusive litigant who should be required to post a bond against Foremost's fees and costs in defending this action. The Court has concluded in this order that plaintiff has not pled a valid basis for subject matter jurisdiction. In the Court's view, if plaintiff is unable to amend her complaint to properly invoke federal jurisdiction, the action must be dismissed and it will be unnecessary for plaintiff to post a bond. Foremost's motion is therefore DENIED at this time. If plaintiff is ultimately successful in invoking this Court's jurisdiction, Foremost may renew its motion and may seek a bond in the appropriate amount at that time.

**CONCLUSION**

For the foregoing reasons and for good cause shown, defendant's motion to dismiss is GRANTED and defendant's motion to strike is GRANTED in part and DENIED in part. (Docket No. 9). Defendant's motion to require plaintiff to post security is DENIED without prejudice to renewal under the circumstances stated above. (Docket No. 10). Plaintiff is given leave to amend; if she elects to file an amended complaint, she must do so no later than May 7, 2010.

**IT IS SO ORDERED.**

Dated: April 22, 2010

SUSAN ILLSTON
United States District Judge

5