**United States District Court**
**For the Northern District of California**

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6   PATRICIA A. MCCOLM,                        No. C 09-04132 SI

7            Plaintiff,                        **ORDER RE: DEFENDANT'S MOTION**
                                               **TO DISMISS FOR LACK OF SUBJECT**
8       v.                                     **MATTER JURISDICTION AND**
                                               **MOTION TO REQUIRE PLAINTIFF TO**
9   FOREMOST INSURANCE COMPANY,                **POST SECURITY; AND**
                                               **RESCHEDULING CASE**
10           Defendant.                        **MANAGEMENT CONFERENCE**
    _____/

11

12          Defendant's motion to dismiss and strike portions of the complaint and defendant's motion to

13   require plaintiff to post security are currently scheduled for hearing on April 30, 2010. Pursuant to Civil

14   Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and

15   hereby VACATES the hearing. In addition, the Case Management Conference scheduled for April 30,

16   2010 is continued to June 25, 2010 at 2:30 p.m.

17          Having considered the papers submitted, and for good cause shown, the Court hereby rules as

18   follows.

19

20                                    **BACKGROUND**

21          Pro se plaintiff Patricia McColm brings this suit against defendant Foremost Insurance Company

22   ("Foremost") as assignee of her deceased father, George McColm, who held a homeowners' insurance

23   policy with Foremost. Plaintiff alleges that in September 2002, a burglary was committed at the

24   decedent's home. Plaintiff alleges that the premises were damaged and that a substantial amount of the

25   decedent's personal property was stolen. Complaint ¶¶ 7-9. According to the complaint, Foremost

26   inspected the property in October 2003, but has "failed and refused and continues to refuse to pay

27   plaintiff" for the covered losses. *Id.* ¶¶ 12-13. Plaintiff alleges that Foremost sent her a small check to

28   cover repair of a damaged door, and improperly stated that this check constituted a full and complete

1   settlement of the entire insurance claim, including any claim for theft losses. *Id.* ¶ 14. Plaintiff alleges

2   that Foremost formally denied the claim in writing on September 26, 2008. *Id.* ¶ 15. Plaintiff filed suit

3   for breach of contract and breach of the implied covenant of good faith and fair dealing on September

4   25, 2009. Plaintiff seeks damages in the amount of the policy limit for each category of loss, emotional

5   distress damages, punitive damages, and attorneys' fees and costs.

6        Presently before the Court are two motions filed by Foremost. First, Foremost moves to dismiss

7   the complaint for lack of subject matter jurisdiction and to strike certain matters from the complaint.

8   Second, Foremost moves to require plaintiff to post security for fees.

9

10                                          **DISCUSSION**

11   **I.     Motion to Dismiss**

12        Foremost moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to

13   Federal Rule of Civil Procedure 12(b)(1). The party asserting federal subject matter jurisdiction bears

14   the burden to prove its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

15   A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal

16   jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594

17   F.2d 730, 733 (9th Cir. 1979).

18        As an initial matter, plaintiff suggests that the Court has already determined the existence of

19   subject matter jurisdiction by reviewing her complaint in connection with her application to proceed in

20   forma pauperis. The Court's prior determination that plaintiff was entitled to file her complaint without

21   paying filing fees, however, does not preclude the Court from considering at this time whether plaintiff

22   has properly invoked this Court's jurisdiction.

23        Plaintiff seeks to invoke the Court's diversity jurisdiction. Under 28 U.S.C. § 1332, federal

24   courts have jurisdiction over suits between citizens of different states "where the matter in controversy

25   exceeds the sum or value of $75,000, exclusive of interest and costs." Here, there is no dispute as to

26   diversity of citizenship; plaintiff resides in California, and Foremost is located in Michigan. The Court

27   agrees with Foremost, however, that plaintiff has not met her burden of pleading the jurisdictional

28   amount. The first paragraph of the complaint states only that the amount in controversy "exceeds . . .

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  the sum of $10,000." Complaint ¶ 1. In her opposition to the motion to dismiss, plaintiff suggests that

2  this was a typographical error, and requests that the Court amend the complaint to state an amount of

3  $100,000. However, the complaint provides no factual basis for this change. The only figure mentioned

4  anywhere in the complaint is the policy limit of $25,008 for theft loss. Complaint ¶ 14. Even construing

5  the complaint liberally in plaintiff's favor, the allegations do not establish that the amount in controversy

6  meets the jurisdictional limit. Foremost's motion to dismiss for lack of subject matter jurisdiction is

7  GRANTED with leave to amend.

8

9  **II.     Motion to Strike**

10      Foremost moves to strike plaintiff's claims for punitive damages and emotional distress damages

11  under on the ground plaintiff cannot assert such claims as a matter of law. Under Federal Rule of Civil

12  Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant,

13  immaterial, impertinent, or scandalous matter." "A Rule 12(f) motion may be used to strike a prayer

14  for relief when the damages sought are not recoverable as a matter of law." *Wells v. Bd. of Trustees of*

15  *Cal. State Univ.*, 393 F. Supp. 2d 990, 994 (N.D. Cal. 2005).

16      Plaintiff claims standing to sue as an assignee; she does not allege that she was a policyholder

17  or otherwise had any contractual relationship with Foremost. California law unambiguously states that

18  purely personal tort claims, including an insured's claims for emotional distress and punitive damages,

19  cannot be asserted by an assignee. *Murphy v. Allstate Ins. Co.*, 553 P.2d 584, 587 (Cal. 1976)

20  ("[B]ecause a purely personal tort cause of action is not assignable in California, it must be concluded

21  that damage for emotional distress is not assignable. The same is true of a claim for punitive damage.")

22  (citations omitted). Plaintiff's claims for punitive damages and emotional distress damages thus fail as

23  a matter of law, and Foremost's motion to strike these claims is GRANTED without leave to amend.

24      Plaintiff also claims that she personally suffered emotional distress as a result of Foremost's bad

25  faith conduct in withholding insurance benefits, and that Foremost's actions violated its duty of good

26  faith to plaintiff. Foremost also moves to strike this cause of action. Foremost contends that because

27  plaintiff was not a party to the insurance contract, Foremost did not owe her any duty. Foremost is

28  correct that in general, an insurer does not owe a duty of good faith to a third party. The primary case

3

United States District Court
For the Northern District of California

Foremost cites in support of its position, however, was an action by an injured claimant against the insurer of the other party to a car accident, against whom the claimant had obtained only a partial judgment in a previous tort action. *Murphy*, 553 P.2d at 588.[1]  By contrast, this case involves a claim by the insured's own assignee.  Foremost has not cited any California case holding that such a cause of action is unavailable.  Indeed, the Court was able to locate a California Supreme Court decision suggesting otherwise. *See Essex Ins. Co. v. Five Star Dye House, Inc.*, 137 P.3d 192, 199 (Cal. 2006) ("[A]n insured's assignment of a cause of action against an insurance company for tortious breach of the covenant of good faith and fair dealing by wrongfully denying benefits due under an insurance policy carries with it the right to recover [attorneys'] fees that the assignee incurs to recover the policy benefits in the lawsuit against the insurance company.").  Although it is not entirely clear from the complaint which rights the decedent assigned to plaintiff, plaintiff has alleged that the decedent "assigned, transferred, conveyed all his . . . right, title and interest in the personal property and right to recover on claims under the policy of insurance/causes of action to plaintiff." Complaint ¶ 4.  These allegations are sufficient to withstand the motion to strike.  Foremost's motion to strike plaintiff's claim for breach of the duty of good faith and fair dealing is DENIED.

Although the Court finds that plaintiff's claim for breach of the duty of good faith is not subject to being stricken at this time, if plaintiff is unable to amend her complaint to state a plausible basis for meeting the amount in controversy requirement, she will not be permitted to proceed in this Court on any of her claims.

### III.   Motion to Require Plaintiff to Post Security

Foremost has also filed a motion to require plaintiff to post security for fees in the amount of $20,000 on the ground that plaintiff is a vexatious litigant with a history of bringing frivolous and unmeritorious suits. *See Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) ("[T]he federal district courts have inherent power to require plaintiffs to post security for

---

[1] In its reply brief, Foremost cites additional cases dealing with claims for infliction of emotional distress brought by an injured claimant against his or her tortfeasor's insurer.  In the Court's view, these cases are inapposite as well.

costs."); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (citation omitted).

The Court expresses no opinion at this time regarding whether Foremost has shown that plaintiff is an abusive litigant who should be required to post a bond against Foremost's fees and costs in defending this action. The Court has concluded in this order that plaintiff has not pled a valid basis for subject matter jurisdiction. In the Court's view, if plaintiff is unable to amend her complaint to properly invoke federal jurisdiction, the action must be dismissed and it will be unnecessary for plaintiff to post a bond. Foremost's motion is therefore DENIED at this time. If plaintiff is ultimately successful in invoking this Court's jurisdiction, Foremost may renew its motion and may seek a bond in the appropriate amount at that time.

## CONCLUSION

For the foregoing reasons and for good cause shown, defendant's motion to dismiss is GRANTED and defendant's motion to strike is GRANTED in part and DENIED in part. (Docket No. 9). Defendant's motion to require plaintiff to post security is DENIED without prejudice to renewal under the circumstances stated above. (Docket No. 10). Plaintiff is given leave to amend; if she elects to file an amended complaint, she must do so no later than May 7, 2010.

**IT IS SO ORDERED.**

Dated: April 22, 2010

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California