IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM, | No. C 09-04132 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S DISCOVERY MOTIONS AND DEFENDANT'S DISCOVERY LETTER** |
| v. | |
| FOREMOST INSURANCE COMPANY, | **(Docket Nos. 42, 44, 45, 49)** |
| Defendant. | |

Plaintiff Patricia McColm has filed three discovery motions seeking to compel defendant to produce information and documents responsive to plaintiff's interrogatories, requests for admission, and document requests. In responding to these motions, defendant has made a request of its own. The Court hereby rules as follows.

**I.   Doc. Nos. 42 & 49:**

Plaintiff's first discovery motion relates to the production of documents.

It appears from the parties' papers that defendant sent an incomplete draft response to plaintiff's request for production of documents. The draft response included no actual documents; rather, it stated generally that all requested documents had been produced previously, and then included a single general objection copied in response to each of plaintiff's requests. Pl. Ex. B. The draft response was dated July 28, 2010 but unsigned, and it was timely served on July 29, 2010. *Id.*[1]

---

[1] Under Rule 34(b)(2)(A), answers and objections must be served within 30 days of service of the requests for production (or 33 days if service was by mail, Fed. R. Civ. P. 6(d)). The requests for production in this case were served by mail on June 26. Pl. Ex. A, Proof of Service. The original answers were served July 29, on the thirty third day after the interrogatories were served. Pl. Ex. B,

Defendant has now filed a letter brief seeking the Court's permission to serve amended responses. Doc. 49.

According to Federal Rule of Civil Procedure ("Rule") 6(b)(1)(B), "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

> In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."

*Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (quoting *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395)). In *Pioneer*, the Supreme Court had explained that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 391 (footnote omitted).

Defendant states that the draft responses were produced inadvertently and as the result of clerical errors. Defendant argues that because it had already produced all responsive documents and because it had listed its objections to plaintiff's requests in the original draft at least generally, plaintiff is not prejudiced. Plaintiff opposes defendant's request, saying that the production of the draft was not inadvertent or made in good faith. To support this contention she submits a page that was attached out of context to defendant's letter brief, which appears to be a final page of a draft response. It is nearly identical to the final page that was served on plaintiff and is also dated July 28, 2010; but unlike the copy actually served, it is signed.

Although plaintiff provided some evidence that appears to undermine defendant's explanation, the Court nonetheless finds that defendant has failed to act because of excusable neglect. Defendant's request to serve the amended responses is GRANTED.

---

Proof of Service.

2

Plaintiff also maintains some of her objections to defendant's answers, even as contained in the amended responses. Plaintiff has pointed out that the amended responses also are not accompanied by any documents. Under each request, the responses now state that "All documents responsive to this request have been produced in the documents submitted with the Federal Rules of Civil Procedure Rule 26(a) disclosure in June 2010." Doc. 49, Hollins Decl. Ex. A. They also contain objections that are only slightly more tailored than in the original draft response. Plaintiff argues that defendant should have listed what documents are responsive to each request for production, even if defendant has already produced those documents. Moreover, she notes that defendant has used the same generic statement that "[a]ll documents responsive to this request have been produced" even where, in fact, no documents have been produced.

Defendant has provided the Court with a list of documents produced in June 2010. Hollins Decl. Ex. C at 11. According to defendant, this consisted of 536 pages of non-privileged material. Generally, it is not sufficient, in responding to a discovery request, to "simply refer generically to past or future production of documents." *See Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 305 (D. Kan. 1996)); *see also Helm v. Alderwoods Group, Inc.*, NO. C 08-01184, 2010 WL 2951871 (N.D. Cal. July 27, 2010). However, in this case, the volume of produced documents is quite small. Given the fact that the ratio of pages to requests for production is approximately 5-to-1, defendant's decision not to list every page that it believes is responsive to each requests is reasonable.

Plaintiff asserts that no documents have been disclosed that respond to requests 5, 6, 7, 10, 11, 12, 13, 15, 17, 18, 19, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 69, 72, 73, 74, 78, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 100, 101, 102, 103, or 104. The Court has no way of knowing whether this is true, and if so why. Defendant is instructed to inform plaintiff whether or not documents have been provided. If they have, defendant should explain generally what the documents consist of (for example, by referring to one of the topics on the list of documents produced in June 2010). If they have not, defendant should explain whether this is because no such documents exist, or if it is because defendant is asserting a privilege or otherwise objects to the request. Defendant should be reasonably specific about what its response is.

3

Plaintiff argues that certain requested documents have not been turned over, including some that were listed as disclosed in June 2010. Among these are what defendant identified as "Underwriting documents, payment records relating to payments and correspondence with George McColm," "Photographs and 8mm video taken by Vince Hubble," and "Trinity Sheriff Department records, reports and photographs." Defendant is instructed to respond to plaintiff's contentions. If discoverable documents have not been turned over, defendant is instructed to turn them over or to explain why it is not doing so.

Plaintiff also states that no claims handling manuals, written policies, or procedures have been produced at any time, nor has anything else that defines the terms used to interpret the policy, determine coverage or determine how payment of a claim is determined or the amount thereof. In response to plaintiff's request 48, for example, which asks for the production of "Any and all DOCUMENTS which relate to, reflect, concern, refer, or in any way formed any part of FOREMOST claims investigation manuals between 2000 and 2007," defendant has written:

> All documents responsive to this request have been produced in the documents submitted with the Federal Rules of Civil Procedure Rule 26(a) disclosure in June 2010. All other documents consisting of attorney work product or attorney client communication are hereby objected to. Discovery is continuing and this party will produce any other documents supporting this request and respond to any further request by propounding party or in response to other requests. The term "claims investigation manuals" does not identify any document known to FOREMOST. Objection attorney client privilege. Overbroad, vague, ambiguous and not relevant.

Hollins Decl. Ex. A at 22.

This response is so inadequate as to be meaningless. The parties are instructed to meet and confer regarding plaintiff's requests for manuals, policies, and procedures. To the extent that the parties are unable to resolve their differences over what has been requested and what is to be turned over, the parties are instructed to provide the Court with a single documents, no longer than ten pages, succinctly explaining the positions of the two parties with regard to the issues that have yet to be resolved.

The Court is aware that issues have arisen over the parties' attempts to meet and confer. The Court suggests that it if plaintiff is unable to reach counsel for defendant directly by phone, plaintiff should leave a message providing several times that she will be available by phone over the subsequent several days. Defendant's counsel should attempt to inform plaintiff when he will contact her and then

4

contact her when she is available. The parties are requested to accommodate each others' needs—plaintiff's needs as a pro se without the resources of a law firm and (it appears) without a dedicated fax line or free long distance, and defendant's counsel's needs as a lawyer handling multiple cases that also require his time and attention.

Plaintiff argues that defendant should produce a privilege log. The Court is not persuaded that it is necessary for defendant to produce a privilege log at this time.

Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Because the Court has granted defendant's request to serve the amended responses, the Court denies plaintiff's request to waive any assertion of objection. **Within ten days of the date of this order**, however, defendant is instructed to respond to plaintiff's contentions that no documents have been produced that respond to the above enumerated requests. **Within ten days of the date of this order**, defendant is instructed to respond to plaintiff's contentions that no documents were turned over that fall under three of the topics on the list of documents produced in June 2010. **Within ten days of the date of this order**, the parties are instructed to meet and confer regarding plaintiff's requests for manuals, policies, and procedures. Both parties are instructed to act in good faith to meet and confer within this time period. The remainder of plaintiff's requests are denied.

## II. Doc. No. 44:

Plaintiff's second discovery motion relates to defendant's answers to plaintiff's requests for admission. Plaintiff argues that the responses are insufficient, false, and misleading; that the objections are improper; that the answers are unverified; and that they are unresponsive to the full scope of plaintiff's requests. Plaintiff asks that the requests be established as admitted, and even suggests that a terminating sanction might be warranted. Defendant argues that it is in substantial compliance with discovery rules.

Rule 36 does not require that answers to requests for admissions be verified, only that they be signed by either the attorney or party. *See* Schwarzer et al., 2 Federal Civil Procedure Before Trial 11-287, § 11:2061 (2010). Defendant's answers are signed by defendant's attorney.

Plaintiff complains that the answer to request number 2 is inadequate. Plaintiff's request asks

5

defendant to admit or deny the statement that it never provided her with a complete copy of Mr. McColm's insurance file. Defendant's answer states that it provided plaintiff with "all claim related documents as required by California Insurance Code section 2071." Plaintiff points out that California Insurance Code section 2071 is a standard form fire insurance policy. While that is true, it is also true that one of the paragraphs on the form policy states:

> The insurer shall notify every claimant that they may obtain, upon request, copies of claim-related documents. For purposes of this section, "claim-related documents" means all documents that relate to the evaluation of damages, including, but not limited to, repair and replacement estimates and bids, appraisals, scopes of loss, drawings, plans, reports, third-party findings on the amount of loss, covered damages, and cost of repairs, and all other valuation, measurement, and loss adjustment calculations of the amount of loss, covered damage, and cost of repairs. However, attorney work product and attorney-client privileged documents, and documents that indicate fraud by the insured or that contain medically privileged information, are excluded from the documents an insurer is required to provide pursuant to this section to a claimant. Within 15 calendar days after receiving a request from an insured for claim-related documents, the insurer shall provide the insured with copies of all claim-related documents, except those excluded by this section. Nothing in this section shall be construed to affect existing litigation discovery rights.

Cal. Ins. Code § 2071. The Court reads defendant's answer to mean that it has provided plaintiff with the documents that are described as available to a claimant in Section 2071, but that it has not provided plaintiff with any other documents from her insurance policy. Such an answer is sufficiently responsive to plaintiff's interrogatory.

Plaintiff complains that defendant mistranscribed the phrase "red house" as "real house" in request number 3 and then objected to the question as vague. Because defendant not only objected but also answered the request under the assumption that it meant to say "red house," plaintiff need not be concerned with defendant's initial objection.

Although defendant has objected to several other of plaintiff's requests for admissions, it has also provided plaintiff with sufficiently clear answers so as to comply with Rule 36.

Plaintiff's motion is DENIED.

### III.   Doc. No. 45:

Plaintiff's third discovery motion relates to defendant's answers to plaintiff's interrogatories.

6

It appears from the parties' papers that defendant sent plaintiff one set of interrogatory answers that consisted almost entirely of objections. Defendant states that this set of answers was sent due to office error, and as soon as the error was discovered a corrected set was mailed.

Plaintiff argues that the corrected responses were submitted past the deadline to answer her interrogatories and therefore defendant has waived its right to rely on any objections contained in the answers.[2] The Court is not sure why defendant sought the Court's permission to file a tardy amended response to plaintiff's production request, discussed above, but did not request permission from plaintiff or the Court to file its amended interrogatory answers. Nonetheless, the Court excuses defendant's tardiness for good cause shown. The Court will not strike defendant's objections from the interrogatories.[3]

Plaintiff argues that the new answers were not properly verified. Rule 33 requires that a party (or a party's officer or agent) answer interrogatories under oath and sign them personally. Fed. R. Civ. P. 33(b)(1)(A), 33(b)(3), 33(b)(5); *see also Greene v. United States*, 447 F. Supp. 885, 890 n.2 (N.D. Ill. 1978). The answers are dated August 4, whereas the verification is dated July 29. Def. Ex. E. Plaintiff rightly points out that it is impossible to review something six days before it exists. The interrogatory answers are not properly verified.

Plaintiff argues that defendant improperly re-defined the words "you" and "your" to refer to plaintiff when plaintiff had originally designated them to refer to defendant. Plaintiff is correct that defendant has redefined the terms "you" and "your" to mean "plaintiff PATRICIA A. MCCOLM and/or any of her employees, agents, representatives, attorneys, and anyone else acting on her behalf," and plaintiff is correct that defendant inserted its definition into the text of plaintiff's first interrogatory. *See* Def. Ex. E at 3. However, it is clear that defendant has answered the interrogatories as written and only

---

[2] Under Rule 33(b)(2), answers and objections must be served within 30 days of service of the interrogatories (or 33 days if service was by mail, Fed. R. Civ. P. 6(d)). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The interrogatories in this case were served by mail on June 26. Pl. Ex. A, Proof of Service. The original answers were served July 29, on the thirty third day after the interrogatories were served. Pl. Ex. B, Proof of Service. The replacement answers were not served until August 4. Def. Ex. E, Proof of Service.

[3] The Court will not look favorably on a further defense request to be excused from this type of mistake.

7

redefined the terms "you" and "your" for use in its answers. Plaintiff also complains that defendant's answers are unclear to the extent that the terms "you" and "your" refer both to plaintiff and to her late father, George L. McColm. Although defendant sometimes refers to Mr. McColm as "GEORGE," it is not clear from the answers whether the words "you" or "your" occasionally refer to individuals other than plaintiff. Plaintiff is not a corporation with agents, employees, and representatives. She is an individual. Although it is true that an individual can have people act on her behalf, it is also true that the interrogatory answers are unclear to the extent that defendant employed an overly broad definition of "you" and "your." Defendant should refer to individuals clearly and by name.

Plaintiff also argues that many of the answers are hearsay, are false, are nonresponsive, or do not contain facts. The Court does not find that defendants answers are improper or otherwise fail to comply with civil discovery rules.

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART. **Within ten days of the date of this order**, defendant shall serve a new, properly verified set of answers to plaintiff's interrogatories in which it refers to individuals clearly and by name.

## CONCLUSION

For the foregoing reasons, plaintiff's motion contained in docket number 42 is GRANTED IN PART and DENIED IN PART. Defendant's request contained in docket number 49 is GRANTED. Plaintiff's motion contained in docket number 44 is DENIED. Plaintiff's motion contained in docket number 45 is GRANTED IN PART and DENIED IN PART. The parties shall comply with all of the instructions listed in this order.

The Court has taken the remainder of plaintiff's and defendant's discovery requests under advisement. In the mean time, if plaintiff and defendant are in need of extensions of time, either because they are unable to meet a deadline or because they have made a mistake in a late-served document, they are urged to stipulate to extensions of time. Plaintiff and defendant are both urged to be understanding about small timing issues and accidental miscommunications. If stipulations are not possible, the parties are urged to request extensions from the Court as soon as it becomes clear that they will be necessary. The parties are also urged to be diligent in their duties to respond fully, accurately, and in a timely

manner to discovery requests.

**IT IS SO ORDERED.**

Dated: December 3, 2010

SUSAN ILLSTON
United States District Judge