IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A McCOLM,

    Plaintiff,

v.

FOREMOST INSURANCE CO,

    Defendant.
                                   /

No. C 09-04132 SI

**ORDER RE: DISCOVERY**

**(Docs. 55, 78, 84)**

On August 31, 2010, defendant filed a letter brief motion to compel plaintiff's further responses to Rule 26(a) disclosures. Doc. 55. On October 22, 2010, defendant filed a letter brief motion to compel plaintiff's responses to request for admissions, request for production of documents, and special interrogatories. Doc. 78. On November 4, plaintiff filed an ex parte application for an enlargement of time to respond to both motions. Doc. 84. The Court hereby rules as follows.

**I.  Disclosure motion**

    **A.  Enlargement of time**

Over 100 days have passed since defendant filed this letter brief, and plaintiff has not responded, except to file requests for extensions of time. On November 4, sixty-four days after defendant's motion was filed, plaintiff filed an ex parte application for a two week enlargement of time to submit an opposition. In the alternative, plaintiff requested a stay to respond to the requests until the Court ruled on her discovery motions. It is now over one month later, and more than a week since the Court's December 3, 2010 Order re: Plaintiff's Discovery Motions, and plaintiff still has not filed an opposition.

The purpose of disclosure is to provide full information to prepare for effective and efficient discovery. *Arneson v. Michigan Tissue Bank*, No. CV 05-189-M-JCL, 2007 WL 4698986, * 5 (D. Mont. March 26, 2007). Thus, the Federal Rules of Civil Procedure require that a party make initial disclosures early in the case. The Rules also discuss what are called "Unacceptable Excuses" for failure to do so:

> A party must make its initial disclosures based on the information then reasonably available to it. **A party is not excused** from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(a)(1)(E) (emphasis added). Here and elsewhere, plaintiff has requested permission not to respond to defendant's discovery requests or motions until unrelated discovery disputes are resolved. As the Rules make clear, this is not how discovery works.

It is now a month and a half since plaintiff requested a two-week extension of time. New deadlines are set for certain discovery obligations in this order. In all other respects, plaintiff's application for an enlargement of time is DENIED. The Court will rule on defendant's motion.

### B.   Witness disclosures

Defendant requests certain, specific information regarding plaintiff's witness disclosures:

1. Mr. Bedell's address and last known phone number;

2. Mr. Virgil and Chris Skycrest's last known phone numbers;

3. The full name of "Myrick" as well as his or her last known phone number, address, and subject matter of his or her future testimony;

4. The name, and last known address and phone number of Mr. McColm's barber and barber's wife;

5. The names, addresses and phone numbers of all workers who worked at the Deadwood Property from 2002–2007.

This is all information to which defendant is entitled, and it appears to be information within the exclusive control of plaintiff. It is insufficient for plaintiff to state that the potential witnesses may be contacted through her. Plaintiff is hereby ORDERED to disclose this information **by January 14, 2011**. If she does not know the information, she is instructed to make her best efforts to find out the information. She shall provide defendant with whatever information she knows or is able to find out,

as well as an explanation of any information that she is unable to find.

The Court is aware that plaintiff is concerned about how best to allocate her limited available time. Plaintiff is reminded that she is **required** to comply with Court orders and faces serious sanctions if she does not. If plaintiff fails to provide this information, or to disclose to defendant that she has been unable to find the information, **she risks being unable to call these witnesses at trial or rely on their expected testimony at any point during these proceedings**. Plaintiff has been on notice about defendant's specific requests for her to supplement her initial witness disclosures since August. Plaintiff is instructed to prioritize gathering and providing this information, which is long overdue. If plaintiff anticipates that she may have further medical needs between now and January 14, she may benefit by complying with this Order early rather than waiting until the time that her supplemental disclosure statements are due. Plaintiff will not be penalized for not bringing the Court's attention to any dispute regarding defendant's compliance with discovery requests or discovery orders between now and January 14. However, for the purposes of this order requiring her to supplement her initial disclosures, ***no extension of time will be granted.***

### C. Documentary evidence

In plaintiff's initial disclosures, she did not provide any documentary evidence to support her claims. Instead, she incorporated by reference any documents disclosed by defendant. Doc. 55, ex. B. And she set forth general descriptions of the types of documents that she might rely on to support her claims. *Id.* She explains that these are "categories of documents that are currently known to Plaintiff on information and belief that reflect property owned by George L. McColm which no longer exists due to loss by theft and vandalism thereof." *Id.* Finally, she states that "[n]on-privileged documents currently available to Plaintiff will be produced following this [plaintiff's] disclosure, along with a privilege log, if required." *Id.*

In defendant's letter to plaintiff regarding this disclosure, defendant understood this to be a "representation that [plaintiff has] no documentary evidence of [her] claim of breach of contract and breach of covenant of good faith and fair dealing." *Id.*, ex. A.

The Court does not read plaintiff's disclosure that way. Rather, she provided the general

3

categories of documents that she would rely on, such as "receipts for repairs." It is not clear from plaintiff's statement, however, whether these *documents* "no longer exist[]" or whether they are about "property . . . which no longer exists." It does appear, however, that she has not provided defendant with any documents or with a privilege log, and therefore that she has implicitly represented that there are not documents that are available to her.

If plaintiff intends to rely on **any documents** other than those provided by defendant in disclosure or discovery, she shall inform defendant of this fact **by January 14, 2011**. **By January 14, 2011**, she shall also provide more specific descriptions of the document (e.g., the dates of receipts and the types of repairs), or she may provide copies of the documents, in compliance with Federal Rule of Civil Procedure 32(a)(1)(A)(ii).

As discussed above, the Court is aware that plaintiff is concerned about how best to allocate her limited available time. Plaintiff is reminded that she is **required** to comply with Court orders and faces serious sanctions if she does not. If plaintiff fails to provide information about documents that do exist, **she risks being disallowed from presenting them to the Court as evidence**. Plaintiff has been on notice about defendant's specific requests for her to supplement her initial document disclosures since August. Plaintiff is instructed to prioritize gathering and providing this information, which is long overdue. If plaintiff anticipates that she may have further medical needs between now and January 14, she may benefit by complying with this Order early rather than waiting until the time that her supplemental disclosure statements are due. Again, plaintiff will not be penalized for not bringing the Court's attention to any dispute regarding defendant's compliance with discovery requests or discovery orders between now and January 14. However, for the purposes of this order requiring her to supplement her initial disclosures, *no extension of time will be granted.*

### D. Damages Evidence

In plaintiff's initial disclosures, she explains that she is seeking general and special damages as set forth in her first amended complaint. Doc. 55, ex. B. She then "reserve[s] the right to supplement this category as limited due to unavailability of Plaintiff and ability to access information due to limitations of disability, weather and related heat related medical detriment." *Id.*

4

In response, defendant requested actual supporting evidence, such as "receipts, price lists, sales sheets, credit card statements, or any other evidence which evidences the cost of the products and services" listed in the First Amended Complaint.

Defendant is correct that plaintiff is required to disclose actual documents and other evidentiary material that she intends to use to prove damages. Fed. R. Civ. P. 26(a)(1)(A)(iii). If plaintiff does not have copies of receipts or credit card statement, she will need to prove damages another way. If she intends to prove damages by her own testimony, she should indicate that. In that case, she would also be required to inform defendant of the approximate content of her testimony—which would include both the specific computations of damages and how she reached her estimate.

Plaintiff shall provide defendant with the documents and other evidentiary material that she intends to use to prove damages **by January 14, 2011**.

Again, the Court is aware that plaintiff is concerned about how best to allocate her limited available time. Plaintiff is reminded that she is **required** to comply with Court orders and faces serious sanctions if she does not. If there are any evidentiary materials relating to damages, including the approximate content of her own testimony, that plaintiff could disclose at this time but fails to disclose, **she risks being disallowed from presenting any of that evidence later in the case**. Plaintiff has been on notice about defendant's specific requests for her to supplement her initial damages disclosures since August. Plaintiff is instructed to prioritize gathering and providing this information, which is long overdue. If plaintiff anticipates that she may have further medical needs between now and January 14, she may benefit by complying with this Order early rather than waiting until the time that her supplemental disclosure statements are due. Plaintiff will not be penalized for not bringing the Court's attention to any dispute regarding defendant's compliance with discovery requests or discovery orders between now and January 14. However, for the purposes of this order requiring her to supplement her initial disclosures, *no extension of time will be granted.*

5

**II.     Discovery motion**

On October 27, defendant filed a letter brief to compel plaintiff's responses to requests for admissions, requests for production of documents, and special interrogatories. Doc. 78. Plaintiff objects that the motion to compel was premature, and that Court-ordered extensions of time apply not only to the deadlines that she has to file court papers but also the deadlines that she has to respond to defendant's discovery requests. Doc. 82. As with defendant's disclosure motion, plaintiff has filed an application for an enlargement of time to respond to defendant's discovery requests, until November 23, 2010, or until after the Court was to rule on her discovery motions. Doc. 84.

Regardless what the Court's previous orders stated, or what extensions plaintiff has requested, it is clear that plaintiff's responses to defendant's discovery requests are now overdue. Defendant's motion is GRANTED. If plaintiff has not already done so, she is ORDERED to respond to defendant's discovery requests **by January 14, 2011.**

As discussed above, the Court is aware that plaintiff is concerned about how best to allocate her limited available time. Plaintiff is reminded that she is **required** to comply with Court orders and faces serious sanctions if she does not, including but not limited **to plaintiff's inability to rely on objections that she wishes to assert in her responses**. Plaintiff has been in possession of defendant's discovery requests since August. Plaintiff is instructed to prioritize gathering and providing this information, which is long overdue. If plaintiff anticipates that she may have further medical needs between now and January 14, she may benefit by complying with this Order early rather than waiting until the time that her responses to defendant's discovery requests are due. Again, plaintiff will not be penalized for not bringing the Court's attention to any dispute regarding defendant's discovery between now and January 14. However, for the purposes of this order requiring her to respond to defendant's discovery requests, *__no extension of time will be granted.__*

The Court expects that plaintiff's responses will be complete and satisfactory to both parties. If they are not, the Court expects plaintiff and defendant to meet and confer in accordance with the Court's recommendations in the December 3 order. As that order stated:

> The Court is aware that issues have arisen over the parties' attempts to meet and confer. The Court suggests that it if plaintiff is unable to reach counsel for defendant directly by phone, plaintiff should leave a message providing several times that she

will be available by phone over the subsequent several days. Defendant's counsel should attempt to inform plaintiff when he will contact her and then contact her when she is available. The parties are requested to accommodate each others' needs—plaintiff's needs as a pro se without the resources of a law firm and (it appears) without a dedicated fax line or free long distance, and defendant's counsel's needs as a lawyer handling multiple cases that also require his time and attention.

*Id.* at 4–5.

Because of the late date, and because the Court will has not penalized plaintiff and will not penalize plaintiff as long she provides **complete** responses to defendant's discovery requests in accordance with this order, plaintiff's request for an enlargement of time is DENIED except to the extent that new deadlines have been set for certain discovery obligations in this order.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby does the following:

- GRANTS defendant's motion to compel plaintiff's further responses to Rule 26(a) disclosures. (Doc. 55.) Plaintiff is instructed to supplement her initial disclosures in conformity with this order, as described above, **by January 14, 2011**. Failure to do so may result in sanctions such as plaintiff's inability to call insufficiently disclosed witnesses and introduce insufficiently disclosed documents and evidence of damages. ***No extension of time will be granted***.

- GRANTS defendant's motion to compel plaintiff's responses to requests for admissions, requests for production of documents, and special interrogatories. (Doc. 78.) If plaintiff has not already done so, she is ORDERED to respond to defendant's discovery requests in conformity with this order, as described above, and **by January 14, 2011.** Failure to do so may result in sanctions, including but not limited to plaintiff's inability to rely on objections that she wishes to assert in her responses. ***No further extension of time will be granted.***

- DENIES plaintiff's ex parte application for an enlargement of time except to the extent that new deadlines have been set for certain discovery obligations in this order. Doc. 84.

**IT IS SO ORDERED.**

Dated: December 16, 2010

_____
SUSAN ILLSTON
United States District Judge

7