IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A MCCOLM,<br><br>            Plaintiff,<br><br>   v.<br><br>FOREMOST INSURANCE CO,<br><br>            Defendant.<br>_____/ | No. C 09-04132 SI<br><br>**ORDER CONCERNING DEFENDANT'S MOTION RE: PLAINTIFF'S CONDUCT, AND PLAINTIFF'S MOTION RE: COUNSEL FOR DEFENDANT'S CONDUCT** |

On December 16, 2010, the Court heard argument on defendant's motion to prohibit plaintiff from engaging in verbally abusive conduct and plaintiff's motion for an order prohibiting attorney misconduct and malicious misrepresentation as well as sanctions. The Court also engaged in extensive discussions with the parties regarding the conduct and course of this litigation. Having considered the arguments of the parties and for good cause shown, the Court DENIES both motions.

**I.    Defendant's motion**

On September 10, 2010, defendant sent the Court a letter brief containing a motion to prohibit plaintiff "from engaging in verbally abusive conduct." Doc. 59. Plaintiff filed an objection on September 20. Doc. 64. That same day, the Court ordered defendant to refile its letter brief as a noticed motion, with a hearing set for December 16. Doc. 65.[1]

---

[1] The Court also set deadlines for filing the moving papers, any opposition, and any reply, that did not conform with civil local rules. *Id.* Defendant argues that plaintiff's opposition was submitted "intolerably late" and should not be considered because it "disrespects the Court's gracious extensions of time." While it is true that the opposition was later than required by the Court's order, the Court's order had actually significantly shortened the time by which plaintiff was to file her brief. The brief was filed the first working day after the date required by the local rules. *See* Civil L.R. 7-3

Defendant's motion requests that the Court issue an order enjoining plaintiff from engaging in verbally abusive behavior in accordance with three instructions that prohibit (1) use of profanity and name calling; (2) telephonic communications with defense counsel; and (3) extensions of time to accommodate the prohibition of telephonic communications. A fourth instruction would state explicitly that the Court could issue sanctions on the basis of a violation of the order.

Defendant argues that the order would be appropriate given past interactions between plaintiff and defendant, which it documents in five declarations. It also cites a more detailed but less onerous court order in a previous case involving plaintiff. *See McColm v. San Francisco Housing Authority*, No. C 02-5810 PJH, 2006 WL 3591208 (Dec. 11, 2006).

The Court does not believe that the order requested by defendant is necessary at this time. However, the Court wishes to remind the parties of the contents of the Court's order of December 3, in which the Court made requests of each party that it believes will help facilitate communication in the future. Doc. 90. As that order stated:

> The Court is aware that issues have arisen over the parties' attempts to meet and confer. The Court suggests that it if plaintiff is unable to reach counsel for defendant directly by phone, plaintiff should leave a message providing several times that she will be available by phone over the subsequent several days. Defendant's counsel should attempt to inform plaintiff when he will contact her and then contact her when she is available. The parties are requested to accommodate each others' needs—plaintiff's needs as a pro se without the resources of a law firm and (it appears) without a dedicated fax line or free long distance, and defendant's counsel's needs as a lawyer handling multiple cases that also require his time and attention.

*Id.* at 4–5.

Defendant's motion is DENIED. If defendant wishes to pursue a similar request in the future, defendant is instructed to discuss in its motion the extent to which each party has complied with the requests in the Court's December 3 order, and introduce evidence of problems that occurred after December 3.

Plaintiff is notified that the denial of defendant's motion **does not mean** that the Court condones

---

(opposition brief should be filed twenty-one days before a hearing); *Yepremyan v. Holder*, 614 F.3d 1042 ("The California Code of Civil Procedure . . . designates the day after Thanksgiving as a 'judicial holiday.'" (quoting Cal. Civ. Proc. § 135)). Additionally, plaintiff's opposition to defendant's letter brief put defendant on notice that plaintiff intended to oppose this motion. The Court will consider plaintiff's arguments, though it reminds plaintiff that **serious** consequences can result from failure to comply with Court orders, including failure to comply with specially imposed deadlines.

the use of profanity or name calling. The Court does not and expects the parties, including plaintiff, who has been trained in the legal profession, to conduct themselves with the decorum that is expected of all attorneys. Plaintiff too is reminded to comply with the requests in the Court's December 3 order.

**II.     Plaintiff's motion**

Plaintiff makes a variety of arguments, including that defendant's motion was filed in bad faith and that defense counsel has deliberately misled the Court. She requests an order prohibiting attorney misconduct and malicious misrepresentation, as well as sanctions. Because plaintiff has not convinced the Court that any misrepresentations have occurred, plaintiff's motion is DENIED.[2]

**CONCLUSION**

For the foregoing reasons, defendant's motion is DENIED. (Doc. 67.) Plaintiff's motion is also DENIED. (Doc. 88).

**IT IS SO ORDERED.**

Dated:  December 17, 2010

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiff also requests permission to record any telephone conversations with defense counsel and, more problematically, has asserted that she will record conversations even without the permission of the Court. Plaintiff is reminded that she is responsible for researching and complying with all laws of the State of California. To the extent that she is requesting special dispensation from any law, that request is DENIED.

Additionally, during the hearing, defendant volunteered at defendant's expense to have a court reporter present at meetings between plaintiff and defendant, including telephonic meetings, and to provide plaintiff with a copy of the transcript. The Court believes that having a court reporter transcribe meetings between the parties will be of assistance to the Court and adequately addresses plaintiff's concerns.

3