United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM,<br><br>       Plaintiff,<br><br>  v.<br><br>FOREMOST INSURANCE COMPANY,<br><br>       Defendant.<br>_____/ | No. C-09-4132 SI (EMC)<br><br>**ORDER RE DEFENDANT'S MOTION FOR ORDERS (1) COMPELLING PLAINTIFF'S COOPERATION IN DISCOVERY, (2) PRECLUDING PLAINTIFF FROM RELYING ON ANY DOCUMENT IN TRIAL NOT PRODUCED IN DISCOVERY, (3) COMPELLING FURTHER RESPONSE TO INTERROGATORIES, AND (4) COMPELLING FURTHER RESPONSE OR DEEMING ADMITTED REQUEST FOR ADMISSIONS**<br><br>**(Docket Nos. 108-111)** |

Defendant's motion for orders: (1) compelling Plaintiff's cooperation in discovery, (2) precluding Plaintiff from relying on any document in trial not produced in discovery, (3) compelling further response to interrogatories, and (4) compelling further response or deeming admitted request for admissions, came on for telephonic hearing on April 27, 2011. All parties participated, including Ms. McColm. Good cause appearing therefor, the Court orders as follows:

    1.    <u>Motion to Compel Plaintiff's Cooperation in Discovery</u>

Defendant's motion to compel Plaintiff to provide dates for deposition and appoint a special master shall be held in abeyance because Defendant's motion to compel the deposition (which Defendant wishes to opposes) is pending before Judge Illston. If the deposition is compelled, the Court recommends that a special master be appointed to supervise the deposition. The Court notes that Magistrate Judge Nandor J. Vadas has offered to supervise the deposition if it is held at the

Eureka federal courthouse on a date consistent with his schedule, although Eureka is some distance from Ms. McColm's residence.

The Court will enter Defendant's proposed protective order with respect to the production of confidential information. However, any party wishing to receive such information must sign a statement agreeing to abide by its terms and provided such signed statement to the opposing party before documents deemed confidential are produced.

The parties shall meet and confer over any future dispute pursuant to the procedure set forth in Judge Illston's orders of December 3 and December 17, 2010 (Docket Nos. 90 and 96). In addition, the party requesting to meet and confer shall offer 3 alternative dates and times (between 3 to 10 days in advance) for such meet and confer from which the opposing party shall choose. Either party shall be permitted to have a court reporter attend the meet and confer.

2. <u>Motion to Compel Request for Admissions</u>

As indicated at the telephonic hearing herein, the Court orders that Ms. McColm provide more specific and clearer responses to Request for Admission Nos. 3, 14, 16, 17, 19, 24, 27, 30, 31, and 32. The term "YOU" shall be construed to mean Ms. McColm and not her father. The terms "responding party" is an inadvertent error and shall be construed to mean "requesting party." Ms. McColm must either admit, deny, or explain precisely why she can neither admit or deny. She shall comply with Fed. R. Civ. P. 35(a)(4). The responses shall be served upon Defendant no later than May 11, 2011. Failure to comply with this order may lead to the Court deeming the requests admitted.

3. <u>Motion to Compel Further Responses to Interrogatories</u>

The motion is denied. The wide ranging interrogatories keyed to responses to the RFA are overbroad, cumbersome and do not materially advance the litigation. *Cf. Olson v. City of Bainbridge Island*, 2009 U.S. Dist. LEXIS 58171 (W.D. Wash. June 18, 2009) (sustaining objection to overly broad contention interrogatory); *HTC Corp. v. Tech Props. Ltd.*, 2011 U.S. Dist. LEXIS 4531, 7-8 (N.D. Cal. Jan. 12, 2011) (denying motion to compel responses to contention interrogatories, explaining that "this Court does not believe that TPL has met its burden to show that HTC's responses would contribute meaningfully to: (1) clarifying the issues in the case; (2)

narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56") (citation and internal quotation marks omitted); *In re Ebay Seller Antitrust Litig.*, 2008 U.S. Dist. LEXIS 102815, *6 (N.D. Cal. Dec. 11, 2008) (contention interrogatories "of questionable value to the goal of efficiently advancing the litigation"). Such broad contention-type interrogatories are not favored particularly where the opposing party is pro se and the information sought can be obtained more surgically and effectively through alternative means.

### 4. Motion to Preclude Reliance of Documents Not Produced

As indicated at the telephonic hearing, Plaintiff failed to comply with Judge Illston's order of December 17, 2011 (Docket No. 96) which stated:

> If plaintiff intends to rely on **any documents** other than those provided by defendant in disclosure or discovery, she shall inform defendant of this fact **by January 14, 2011. By January 14, 2011,** she shall also provide more specific descriptions of the document (e.g., the dates of receipts and the types of repairs), or she may provide copies of the documents, in compliance with Federal Rule of Civil Procedure 32(a)(1)(A)(ii).

Order at 4:6-10 (emphasis in original).

She failed to provide the documents or more specific descriptions of the documents she intended to rely on and which were responsive to Defendant's documents requests (*e.g.*, dates of receipts). While the Court could impose a preclusion sanction at this point for failing to comply with a court order, particularly since the request for production was propounded nearly nine months

///
///
///
///
///
///
///
///
///

3

ago, Ms. McColm had a duty to describe supportive documents under Rule 26(a)(1)(A)(ii), and she, as Plaintiff, initiated this litigation, the Court will give Ms. McColm one more opportunity to comply by serving the documents (or copies thereof) upon the Defendant no later than **May 11, 2011**. Any documents not so timely served shall be deemed disallowed from evidence at trial.

This order disposes of Docket Nos. 108, 109, 110 and 111.

IT IS SO ORDERED.

Dated: April 28, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA McCOLM,                      No. C-09-4132 SI (EMC)

         Plaintiff,

   v.

FOREMOST INSURANCE COMPANY,            **CERTIFICATE OF SERVICE**

         Defendant.
_____/

      I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Patricia A. McColm
P.O. Box 113
Lewiston, CA 96052

Dated: April 28, 2011                 RICHARD W. WIEKING, CLERK

                                               By:       /s/ Leni Doyle
                                                          Leni Doyle
                                                          Deputy Clerk