IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM, | No. C 09-04132 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS, OR ALTERNATIVELY, FOR AN ORDER CONTINUING DISCOVERY** |
| v. | |
| FOREMOST INSURANCE CO, | |
| Defendant. | |

Defendant Foremost Insurance Co.'s second motion to dismiss, or alternatively, for an order continuing discovery, is currently scheduled for hearing on May 6, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion.

In June 2009, the Court set a trial date for June 27, 2011. *See* Pretrial Order (Doc. 36). The non-expert discovery cutoff date was set for March 31, 2011; and all dispositive motions were to be heard no later than May 6, 2011. *Id.* Concerned that it has been unable to depose plaintiff Patricia McColm, defendant has requested that the Court dismiss plaintiff's case, or in the alternative, order that she appear for a deposition in the San Francisco courthouse before a Magistrate Judge. Defendant also requests that plaintiff reimburse defendant for all costs associated with a deposition that was noticed for March 24, 2011, but which did not occur.

Rule 37(d)(1)(A)(I) permits a court to sanction a party for failing, after being served with proper notice, to appear for her deposition. Repeated last minute cancellations of a deposition can constitute a failure to appear justifying the imposition of sanctions, even where a party ultimately is deposed. *See*

*Henry v. Gill Indus.*, 983 F.2d 943, 947 (9th Cir. 1993).

In this case, defendant has been attempting to work with plaintiff to schedule a deposition since July 2010. Decl. of Andrew S. Hollins in Support of Def. Second Mot. to Dismiss ("Hollins Decl.") (Docs. 128–130) at ¶ 9 & Ex. B; *see also id.* ¶ 11 & Ex. D (discussing deposition in letter dated August 4, 2010); *id.* ¶ 12 & Ex. E (same); *id.* ¶ 13 & Ex. F (same, in letter dated August 5, 2010); *id.* ¶ 15 & Ex. H (same, letter dated August 10, 2010); *id.* ¶ 18 & Ex. K (same, letter dated December 1, 2010); *id.* ¶ 22 & Ex. N (same, letter dated October 5, 2010); *id.* ¶ 25 & Ex. O (same, letter dated December 7, 2010); *id.* ¶ 29 & Ex. S (same, letter dated December 20, 2010); *id.* ¶ 30 & Ex. T (same, letter dated February 2, 2011). On March 9, 2011, defendant unilaterally noticed a deposition for March 24, 2011, in the courthouse in the town where plaintiff resides. *Id.* ¶ 34 & Ex. U. On March 14, 2011, plaintiff objected to the location of the deposition. *Id.* ¶ 35 & Ex. V.[1] That day, defendant renoticed the deposition to occur in Redding, California, approximately 60 miles from plaintiff's house. *See id.* Ex. AA. Again plaintiff objected, this time both to the location and to the date, and requested a stipulation either to an indefinite stay of the case or a 60 day continuance. *See id.* Ex. Z.[2]

Defendant has been prejudiced by not having been able to depose plaintiff before the discovery deadline. The Court finds that the appropriate remedy at this time is to provide defendant with the opportunity to depose plaintiff and, if appropriate, to file a dispositive motion. Although many deadlines have been continued in this case, the calendar set in the Court's original pretrial order has not. The Court will extend certain of the deadlines in that order one time. The Court will not dismiss the complaint at this time or impose monetary sanctions.[3]

---

[1] Although the objection was timely made, it was belligerent, accusing defendant of "acting in concert" with a local district attorney, because defendant "must well know" that there existed a court order that would apparently prevent plaintiff from attending a deposition at that courthouse. *See id.*

[2] After failing to obtain such a stipulation, plaintiff moved the Court for an indefinite stay, which the Court denied. *See* Order (Doc. 147).

[3] "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry*, 983 F.2d at 948.

2

The Court hereby ORDERS plaintiff to appear for a deposition. The deposition shall be completed **on or before Thursday, May 19, 2011**.[4] The Court will not order the deposition to occur at a certain location, but suggests that the deposition be held in the conference room of a hotel or law firm in Weaverville, California.

The Court notes that plaintiff has a preserved, standing objection to all questions asked at the deposition. Therefore, plaintiff does not need to state any objections during the deposition in order to preserve her right to raise an objection later in the litigation. Plaintiff may not make any speaking objections, other than *prima facie* valid claims of privilege. Additionally, like all deponents, plaintiff **must answer** all questions unless she has a prima facie valid claim of privilege. Other evidentiary objections, or objections to the form of questions, do not permit a deponent to refuse to answer. If plaintiff makes speaking objections beyond a prima facie valid claim of privilege, she will be subject to sanctions, and defendant may be permitted to extend the time of its deposition to compensate for time spent listening and responding to those objections.[5] If plaintiff fails to complete her deposition by May 19, she will be subject to civil sanctions, up to and including her inability to rely on her own testimony at trial, or the dismissal of her claim in its entirety. **No extensions of time will be granted**.

The Court thus expects that essentially all discovery in this case will be completed by May 19.[6] The parties will then have until **June 2, 2011** to file any dispositive motions.[7] If defendant files a motion, plaintiff will have until **July 1, 2011** to file her opposition. This deadline fully incorporates the 15 day extension of deadlines that plaintiff has been granted in this case. Defendant will then have until

---

[4] If plaintiff is not able to sit for a deposition for seven consecutive hours, then the parties should arrange for a multiple day deposition. The deposition still must be **completed** on or before May 19.

[5] If any disagreements arise during the deposition, the parties may try to reach the Court by telephone. The Court may not be available. However, the Court does not anticipate there being any problems, as it should be clear that plaintiff is **required** to answer all questions, unless she has a prima facie valid claim of privilege.

[6] The Court is aware that there is one discovery motion in this case that is pending before Magistrate Judge Chen regarding plaintiff's answers to defendant's interrogatories. The motion is currently set for hearing on May 18 and therefore likely will not be completely resolved by May 19.

[7] Plaintiff's ability to file a dispositive motion does not depend on whether or not she has completed her deposition. Plaintiff has not two but over four weeks from now during which time she may prepare a motion, if appropriate. **Plaintiff's deadline will not be extended**.

3

**July 8, 2011** to file a reply. If plaintiff files a motion, defendant has until **June 16, 2011** to file its opposition. Plaintiff then has until **July 8, 2011** to file a reply, a deadline that fully incorporates the 15 day extension of deadlines that plaintiff has been granted in this case.[8]

Trial is hereby rescheduled for **August 22, 2011** at 8:30 a.m. Pretrial conference is **August 9, 2011** at 3:30 p.m.[9]

Defendant's motion is GRANTED IN PART and DENIED IN PART. (Doc. 127.)

**IT IS SO ORDERED.**

Dated: May 3, 2011

SUSAN ILLSTON
United States District Judge

---

[8] Plaintiff will not be granted any additional extensions of these deadlines.

[9] It is not possible for the Court to grant plaintiff an automatic 15-day extension of the deadlines associated with the pretrial conference and trial motions. Plaintiff is on notice that those deadlines **remain as set in the Court's standing order and have not been extended**. If plaintiff has any concerns about those deadlines, she shall meet and confer with defendant. She must confer with defense counsel on the telephone before making any requests from the Court. Additionally, the Court is not prepared to grant any requests for extensions of time that would necessitate a second postponement of the trial date.

4