UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM, | No. C-09-4132 SI (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |
| FOREMOST INSURANCE COMPANY, | |
| Defendant. | **(Docket No. 142)** |

Currently pending before the Court is Defendant's motion to compel. Plaintiff did not file a written opposition to the motion. Having considered the papers submitted and all other evidence of record, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's motion.

In the motion, Defendant seeks an order compelling Plaintiff to respond to certain interrogatories. The interrogatories largely ask Plaintiff to provide factual information – *e.g.*, the dates of loss, the stolen items for each date of loss, the value of each item stolen, the damages for each loss, etc. Defendant also asks Plaintiff to identify witnesses who can testify about such. In her responses to the interrogatories, Plaintiff basically objected on the basis that Defendant had already exceeded the number of interrogatories provided for by the Federal Rules of Civil Procedure (*i.e.*, 25 interrogatories).

As a practical matter, even if Defendant had exceeded the number of permissible interrogatories, it could still ask the Court for leave to propound additional interrogatories. *See* Fed. R. Civ. P. 33(a)(1). Because Defendant is asking targeted, largely fact-based interrogatories, it is

fair to compel Plaintiff to respond. These interrogatories are unlike those that the Court previously ordered that Plaintiff did *not* have to respond to. (Those interrogatories were keyed to responses to requests for admission. *See* Docket No. 157 (order).)

The one interrogatory that Plaintiff does not have to respond to (as a formal matter) is Supplemental Interrogatory No. 1, which states as follows: "With respect to each interrogatory answer previously given by you in this action, please provide any new or later acquired information bearing upon that previous answer pursuant to Code of Civil Procedure section 2030.070, et seq." California Code of Civil Procedure § 2030.070 has no bearing in this case because the Federal Rules of Civil Procedure are controlling. That being said, under the Federal Rules, Plaintiff still has a duty to supplement as provided for by Rule 26(e).

**Plaintiff's responses to the interrogatories shall be served on Defendant by May 26, 2011.**

IT IS SO ORDERED.

Dated: May 16, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

2

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA McCOLM,                                No. C-09-4132 SI (EMC)

         Plaintiff,

   v.

**CERTIFICATE OF SERVICE**

FOREMOST INSURANCE COMPANY,

         Defendant.
                                          /

      I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Patricia A. McColm
P.O. Box 113
Lewiston, CA 96052 (Also by fax)

Dated: May 16, 2011                           RICHARD W. WIEKING, CLERK

                                                      By: _____
                                                              Betty Lee
                                                              Deputy Clerk