IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM, | No. C 09-04132 SI |
| Plaintiff, | **ORDER RE: URGENT REQUEST FOR FURTHER ORDER** |
| v. | |
| FOREMOST INSURANCE CO., | |
| Defendant. | |

On June 2, 2011, defendant filed a motion to dismiss based on plaintiff's conduct at her deposition. Doc. 182. The Court ordered further briefing from defendant, and also ordered that defendant provide a copy of the video and complete transcript of the deposition. Doc. 187. Defendant filed the requested additional briefing. Defendant also lodged copies of the video and transcript with the Court, but did not serve copies on plaintiff. Defendant is hereby ORDERED to file the video and transcript with the Court and serve copies on plaintiff by **Friday, July 1, 2011**.[1]

Plaintiff has also requested that the transcript and video of the deposition be "lodged as 'confidential'" or otherwise subject to the protective order entered in this case. This request is inconsistent with plaintiff's request that the transcript and video of the deposition be filed with the Court. Moreover, the filing will be a public Court record, and plaintiff has not stated a ground that would entitle her to have the filing be sealed. Her request is DENIED.

The Court has also received a communication in the form of an email from the firm Redding Video Productions, which videotaped plaintiff's deposition. That email is attached to this order. In the

---

[1] Plaintiff's alternate request for a sanction that defendant's motion to dismiss be stricken or denied without opposition is DENIED.

email, Redding Video Productions indicates that plaintiff has asked to make an appointment to "review and make corrections" to the video. Redding Video Productions expresses a concern that plaintiff intends to alter the video recording, and asks for direction from the Court. Separately, plaintiff has indicated that she requires an accommodation in order to review the deposition, due to medical problems that make it difficult for her to hold a pen. She has also requested additional time to review the transcript or recording.

Rule 30(e)(1) of the Federal Rules of Civil Procedure states that "On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." The Ninth Circuit has explained that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005). "While the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id.* at 1225.

By way of clarification to plaintiff and Redding Video Productions: Under Rule 30, plaintiff is not permitted directly to alter the original transcript or recording. Rather, she is permitted to review the transcript or recording and then separately note any corrections.

With regard to plaintiff's request for accommodation, the Court rules as follows. In accordance with this Order, plaintiff is shortly to be provided with a copy of the video and transcript. To the extent that plaintiff believes that there are errors in the video or transcript, and those errors are pertinent to her opposition to defendant's motion to dismiss, plaintiff is permitted to note "corrective . . . changes" in her opposition to defendant's motion to dismiss. However, if plaintiff does so, she is required to file her opposition under penalty of perjury. Additionally, as under Rule 30(e)(1), she is not permitted to make "contradictory[] changes."

2

1    The Court reserves the remainder of plaintiff's requests for ruling in a subsequent order.

3    **IT IS SO ORDERED.**

5    Dated: June 29, 2011

                                              SUSAN ILLSTON
                                              United States District Judge

**United States District Court**
For the Northern District of California

| | |
|---|---|
| From: | "Joanne" <videobyfox@charter.net> |
| To: | <tracy_forakis@cand.uscourts.gov> |
| Date: | 06/29/2011 02:23 PM |
| Subject: | Fw: Case #FPBF 35586 |

**Subject:** Case #FPBF 35586

06/29/2011

Deputy Tracy Forakis,

My name is Shannah and I am with the firm Redding Video Productions. We videotaped the deposition of Patricia McColm on May 18 and 19, 2011 at the request of Attorney Andrew Hollins.

Patricia is now calling us, making accusations that she is allowed (legally by law) to make an appointment with us to "review and make corrections" to the video. We have never had a client make such a request in all our years of videotaping depositions. We treat them as a legal document/piece of property that cannot be altered for legal purposes.

We contacted Mr. Hollins who indicated that he did not believe she was legally entitled to do such an action; however, he referred us to contact you for further assistance. If you can call me as soon as you receive this email, I would really appreciate it.

Patricia is indicating that this matter is extremely important and "time sensitive", so I would like to resolve it as soon as possible.

Thank you for your time, and I look forward to speaking with you!

Shannah Johnson
Redding Video Productions
530-222-5281 Serving U with pride since 1981