IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A McCOLM, | No. C 09-04132 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT** |
| v. | |
| FOREMOST INSURANCE CO., | |
| Defendant. | |

On August 30, 2011, the Court granted defendant's motion to dismiss this lawsuit with prejudice because of plaintiff's violations of the Court's May 3, 2011 Order (the "Order"). Doc. 216. The Order had required plaintiff to appear at a deposition and answer defendant's questions. Doc. 160. However, at the deposition, plaintiff effectively refused to allow herself to be deposed with regard to the factual basis of her claims, severely prejudicing defendant's ability to defend itself. The Court, after analyzing the entire history of this litigation and the repeated instances of putting the plaintiff on notice of sanctions, granted terminating sanctions. On September 12, 2011, plaintiff filed a motion to alter or amend the judgment. Defendants responded on September 26, 2011, and plaintiff replied on October 21, 2011. For the following reasons, the Court DENIES plaintiff's motion.

**DISCUSSION**

The background to this suit is set forth in the Court's August 30, 2011 order dismissing the suit. Doc. 216. In short, plaintiff filed this suit against Michigan-based defendant Foremost Insurance Company for breach of an insurance contract and breach of the implied covenant of good faith and fair

dealing.[1] The gravamen of the complaint was that defendant failed to pay for damage incurred on property that it insured. After nearly two years of litigation, the Court dismissed the case due to plaintiff's violation of the Court's May 3, 2011 Order. Plaintiff thereafter filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) permits a party to move to have a court amend its judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Motions brought pursuant to 59(e) should be granted to correct manifest errors of law or fact upon which the judgment rests, or if such amendment is necessary to present manifest injustice. *Id.*

Plaintiff argues that the Court's dismissal order was based on clear error of fact and law, "on fraud on the plaintiff and Court by counsel for defendant, and [is] manifestly unjust." Pl.'s Mot at 2. The thrust of plaintiff's motion is that "the Court relied on hearsay misrepresentations/fraud of counsel for the defendant and was misled and misunderstood the facts, the arguments, controlling law and thus, also without accommodation of effects of disability, it failed to provide the relief to which plaintiff is entitled . . ." Pl.'s Mot. at 2. However, the Court relied on *no* representations of defense counsel with respect to the deposition underpinning this dismissal. The Court relied only on the written and video transcripts of the May 2011 deposition. Every citation in the Court's 11-page analysis of the deposition is to the transcript. See Dismissal Order, 9:17-20:14. Plaintiff's argument that the Court was somehow misled by defense counsel is spurious.

Plaintiff's second major line of attack is to defend her behavior at the deposition. She sets forth multiple arguments that she behaved appropriately pursuant to the rules of evidence and the Court's orders. She argues that:

---

[1] This action was initially filed in federal court, although the claims are state-law based. The Court notes that plaintiff has been declared a vexatious litigant by at least one California state court judge, limiting her ability to file lawsuits in state court without prior court permission. The judge cited her "indescribable morass of intertwining litigation" and her failure to obey court orders and pay court-awarded sanctions. Lee Rawles, *The California Vexatious Litigant Statute: A Viable Judicial Tool To Deny The Clever Obstructionists Access?*, 276 S. Cal. L. Rev. 72, 276 (1998).

2

- "The Order does not mention the right by counsel for the deponent to cross-examine the deponent and time must be afforded for such 'corrections.'" Pl.'s Mot. at 5:20-22.

- "The Order also does not address the right to object reserved for future litigation in the Court's order of May 3, 2011; which if exercised, would have more likely than not found in favor of plaintiff on her concerns about the form of questions which were leading or suggestive improperly, were ambiguous or uncertain with multiple compound subparts that were based on false assumptions and were argumentative." Pl.'s Mot. at 5:26-6:5.

- "The Court unfairly references as a refusal to answer 'one question that she believed was asked and answered,' and finds fault with plaintiff's reference to the repeated same question as 'harassing' by counsel. The interpretation by the court is just plain wrong . . . [T]he complaint of same question was valid and not a basis for any alleged failure to answer. IT WAS ANSWERED MULTIPLE TIMES." Pl.'s Mot. at 8:12-20.

- "Defendant does not deny that the questions allegedly not answered were either not proper as to form of questioning and/or were NOT material to the issues in defense of the action and thereby could not be prejudicial to defendant." Pl.'s Reply at 3:2-5.

- "Defendant does not deny that plaintiff was entitled by law to use time at the deposition for her own cross-examination. Defendant does not deny that the form of questioning was subject to objection and that this Court should reconsider each alleged failure to answer based on its reservation of all available objections by plaintiff and vacate and set aside the dismissal. The Defendant does not deny that the questions allegedly not answered were not within plaintiff's personal knowledge and/or were subject to one or more reserved proper objections to form of questioning." Pl.'s Reply at 2:21-3:1.

In short, plaintiff argues that her failure to answer questions was based on her right to object (in various forms) to the questions asked. However, plaintiff continues to ignore the language of the May 3, 2011 Order that the Court found she violated:

> The Court notes that plaintiff has a preserved, standing objection to all questions asked at the deposition. Therefore, plaintiff does not need to state any objections during the deposition in order to preserve her right to raise an objection later in the litigation. Plaintiff may not make any speaking objections, other than prima facie valid claims of privilege. Additionally, like all deponents, plaintiff must answer all questions unless she has a prima facie valid claim of privilege. Other evidentiary objections, or objections to the form of questions, do not permit a deponent to refuse to answer. If plaintiff makes speaking objections beyond a prima facie valid claim of privilege, she will be subject to sanctions, and defendant may be permitted to extend the time of its deposition to compensate for time spent listening and responding to those objections. If plaintiff fails to complete her deposition by May 19, she will be subject to civil sanctions, up to and including her inability to rely on her own testimony at trial, or the dismissal of her claim in its entirety. No extensions of time will be granted.

Doc. 160, Order, 3:5-16. Plaintiff's persistent objections and refusals to answer at the deposition were in direct violation of this order. It was on that basis that the Court granted defendant's motion to dismiss.

Plaintiff's final argument is that the defendant did not make a sufficient showing of prejudice

3

to warrant dismissal. Plaintiff argues that she has turned over every piece of information that has been ordered from her, and that she is now being sanctioned for failure to remember other information. Pl.'s Mot. at 9:2-14. However, she ignores the fact that sanctions were granted in part because "she continues to assert that she will rely on testimony of witnesses whose contact information she may not have, and which she may not be prepared to disclose, despite having been ordered to turn over the contact information by the Court." Doc. 216, Dismissal Order at 22:8-10. Plaintiff's repeated failures to answer questions and her threats to use the testimony of witnesses whom she cannot or will not disclose is especially grave in this case, where plaintiff is one of the sole repositories of information regarding her claim. As the Court noted in its order, "Plaintiff appears to rely very little on documentary evidence, relying instead on her recollection of events, and of the condition of the properties on Deadwood Road prior to the losses." Dismissal Order at 21:21-26. It is therefore highly prejudicial to defendant's ability defend itself to refuse an effective deposition.

Plaintiff has failed to show any clear error on the part of the Court, or that the dismissal presents any manifest injustice. *Allstate*, 634 F.3d at 1111. Therefore, her motion to alter or amend the judgment is DENIED.

**IT IS SO ORDERED.**

Dated: November 8, 2011

SUSAN ILLSTON
United States District Judge