IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A McCOLM, | No. C 09-04132 SI |
| Plaintiff, | **ORDER OVERRULING OBJECTION TO BILL OF COSTS**; **CONTINUING IFP STATUS ON APPEAL** |
| v. | |
| FOREMOST INSURANCE CO., | |
| Defendant. | |

There are two issues before the Court related to this closed case. On December 8, 2011, plaintiff filed an objection with the Court related to the December 6, 2011 bill of costs taxed against her. She objects to the bill of costs as "untimely, without notice and unverified as actually incurred and/or allowed by statute and requests verification thereof and hearing thereon." *See* Doc. 234-1.

On March 15, 2012, the Clerk of Court for the Ninth Circuit referred to this Court the question of whether plaintiff's *in forma pauperis* status should continue for the purposes of her appeal of this Court's judgment, or whether her appeal is frivolous or taken in bad faith. *See* Doc. 243 (*citing* 28 U.S.C. § 1915(a)(3)).

The issues will be discussed in turn.

**1.  Bill of Costs**

Federal Rule of Civil Procedure 54(d) states that, "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The following categories of costs may be allowed:

(1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Civil Local Rules provide further guidance regarding the taxable costs in each category. *See* Civ. L.R. 54.

Defendant sought costs in the amount of $5,001.85 for fees for transcripts, $45.00 for fees for witnesses, and $3,098.83 in other costs, for a total of $8,145.68. *See* Doc. 225. Defendant's fees and costs were itemized in a declaration with attached receipts. *See* Little Decl., Doc. 226. The Clerk of Court ultimately taxed plaintiff the reduced sums of $4,167.05 for fees for transcripts, $45.00 for fees for witnesses, and $1,876.83 for other costs, for a total of $6,043.88. After review of the attached documentation, the Court finds that the costs were actually incurred and verified by receipts.

As for plaintiff's objection that the bill of costs was untimely, Civil Local Rule 54-1 allows a prevailing party to claim taxable costs no later than 14 days after entry of judgment. Judgment was entered for defendant on August 30, 2011; defendant then filed its original requested bill of costs on September 13, 2011, 14 days later. The bill of costs was thus timely. Defendant did file another bill of costs after plaintiff filed a motion to alter or amend the judgment (Doc. 225) on October 5, 2011; however, that bill of costs actually reduced the fees and costs requested. Plaintiff therefore was not prejudiced by the filing of a second requested bill of costs.

Moreover, Civil Local Rule 54-2 allows for objections to bill of costs within 14 days of service of the bill, and requires that the objector meet and confer with the prevailing party. Defendant served the bills of costs on plaintiff on September 13, 2011 and October 5, 2011, respectively. Plaintiff did not file an objection until December 8, 2011, and provided no statement that she made a good faith effort to meet and confer, as required by L.R. 54-2. It is the objection, not the bill, that is untimely.

1  Plaintiff's objection to the bill of costs is thus OVERRULED.

### 2. *In Forma Pauperis* Status on Appeal

The Clerk of Court for the Ninth Circuit Court of Appeals referred to this Court the question of whether plaintiff's *in forma pauperis* status should continue for plaintiff's appeal of this Court's judgment or whether the appeal is frivolous or taken in bad faith. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The Ninth Circuit has held that "if at least one issue or claim is found to be non-frivolous, leave to proceed *in forma pauperis* must be granted for the case as a whole." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

The Court finds that plaintiff's appeal is not taken in bad faith and at least one issue or claim is non-frivolous. Plaintiff's *in forma pauperis* status should therefore continue on appeal.

**IT IS SO ORDERED.**

Dated: March 20, 2012

SUSAN ILLSTON
United States District Judge